IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. 17-cr-2384 WJ
                                                       No. 20-cv-685 WJ-CG

MORRIS MORA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Morris Mora's Motion to Amend Judgment and Sentence (CV Doc. 1; CR Doc. 44) (Motion). Defendant seeks three days of sentence credit for each day he serves in prison. Having reviewed the record and applicable law *sua sponte* under Habeas Rule 4, the Court will dismiss the Motion.

## BACKGROUND

In 2018, Defendant pled guilty to Felon in Possession of a Firearm and Ammunition. *See* CR Doc. 43. The Court sentenced him to 92 months imprisonment. *See* CR Doc. 43. Judgment was entered on September 26, 2018. *Id.* Defendant did not appeal. The conviction and sentence therefore became final no later than October 11, 2018, following the expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment).

Defendant filed the instant Motion to Amend Judgment and Sentence on July 10, 2020. *See* CR Doc. 44. The Motion consists of one paragraph, which states:

> [A] new bill passed … to consider earned good time credits[,] three for one decision for federal prisoners and apply it to this case. The bill that … just recently passed has the various elements that … qualify Defendant … to the relief sought, which is a meritorious earned good time credit of three days for every one day while serving any time … for federal crimes.

CR Doc. 1. The Court discerns Defendant seeks additional good time credits under the First Step Act, Public Law 115-391, December 21, 2018, 132 Stat 5194. The Court previously entered an order permitting Defendant to amend or withdraw his Motion pursuant to 28 U.S.C. § 2255 and *Castro v. United States*, 540 U.S. 375 (2003). *See* CV Doc. 3. Defendant declined to do either, and the original Motion (CV Doc. 1; CR Doc. 44) is ready for review.

## DISCUSSION

District courts do "not have inherent power to resentence defendants" or modify criminal judgments. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). The Court can only "modify a Defendant's sentence … in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* Defendant appears to point to the First Step Act (FSA) as the basis for a sentence reduction. The FSA increases an inmate's entitlement to good time credits in several ways. Section 102(b) of the FSA amends 18 U.S.C. 3624(b) to provide that inmates receive good time credit for each year of the sentence imposed, instead of for each year of actual time served. *See* 18 U.S.C. 3624(b)(1). The FSA also permits inmates to earn 10 to 15 days of credits for every 30 days of successful participation in certain recidivism reduction programming or productive activities. *See* 18 U.S.C. 3632(d)(4)(A)(i)-(ii).

Notwithstanding these changes, nothing in the FSA gives federal courts the authority award good time credits. Only the Bureau of Prisons (BOP) has authority "to compute [earned] credit." *United States v. Wilson*, 503 U.S. 329, 335-36 (1992); *see also United States v. Jenkins*, 38 F.3d 1143,

1144 (10th Cir. 1994) (explaining that "credit awards must be made by the Attorney General, through the Bureau of Prisons, after sentencing"); *U.S. v. Bear*, 2021 WL 1925488, at *1 (D.S.D. May 13, 2021) (there is "no federal statute … that would allow" the court to award "two days credit for each day served on a sentence").  Accordingly, this Court cannot modify Defendant's sentence to award three days of earned credit for each day served.

The Court will dismiss the Motion (CV Doc. 1; CR Doc. 44) without prejudice and close the civil habeas case.  To the extent necessary, the Court will also deny a certificate of appealability under Habeas Rule 11.  If Defendant believes the BOP erred in calculating his good time credits, in light of the FSA, he must "exhaust his administrative remedies … before seeking judicial review."  *United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989) (citing *United States v. Mitchell*, 845 F.2d 951, 952 (11th Cir. 1988)).  Defendant may then file a habeas petition under 28 U.S.C. § 2241, if the administrative proceeding is unsuccessful.  *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (A challenge to the BOP's calculation of good-time credit goes to the execution of a sentence and should be brought against defendant's custodian under § 2241).

**IT IS ORDERED** that Morris Mora's Motion to Amend Judgment and Sentence (**CV Doc. 1; CR Doc. 44**) is **DISMISSED without prejudice** to filing a 28 U.S.C. § 2241 petition; a certificate of appealability is **DENIED**; and the Court will enter a judgment closing the civil habeas case.

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE